UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNELL ELMS,

      Plaintiff

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

Civil Action No.  16-10180

U.S. District Judge
HON. R. STEVEN WHALEN
U.S. Magistrate Judge

## <u>OPINION AND ORDER RE: ATTORNEY FEES [Doc. #31]</u>

Plaintiff Cornell Elms filed this action under 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. On September 18, 2017, the Court entered judgment in Plaintiff's favor, remanding the case for further administrative proceedings.  Before the Court is Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #31].

## I.   STANDARD OF REVIEW

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress.  *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including

proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

The question of whether the position of the United States was "substantially justified" is answered with respect to not only the civil action, but to the administrative decision upon which the civil action is based:

"(D) 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based...." 28 U.S.C. § 2412(d)(2)(D).

## III. DISCUSSION

### A. Entitlement to EAJA Fees

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Mr. Elms who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993). In addition, I find that the Commissioner's decision to deny benefits at the administrative level was not substantially justified. The Commissioner's argument that the basis for the remand was a mere "articulation error" is not correct. The Administrative Law Judge's erred in rejecting the opinion of Plaintiff's treating physician, Dr. Newman, and according "significant weight" to a one-time consultative source. The error was not just a matter of neglecting to articulate good reasons for that finding, but rather in substantively misstating and disregarding clinical evidence that supported Dr. Newman's opinion. The Court's Opinion read as follows:

As an initial matter, the Court notes that ALJ Dunn crafted a detailed RFC limiting Plaintiff to a significantly reduced range of sedentary work (Tr. 18-19). However, the purported reasons for rejecting Dr. Newman's finding that Plaintiff would be incapable of working more than two to four hours a day are not wholly satisfactory. First, the June, 2012 imaging studies

showing a disc herniation at C5-C6 stands at odds with the ALJ's conclusion that Dr. Newman's finding of upper extremity limitations was unsupported by the diagnostic studies (Tr. 21, 254). Dr. Newman noted that evidence of the cervical disc herniation was consistent with the complaints of upper extremity weakness and severe cervical spine pain (Tr. 409).

Second, Dr. Newman's finding of significant range of motion limitations also constitutes "clinical evidence" in support of his disability opinion. "'Objective medical evidence'" includes "'evidence obtained from the application of medically acceptable clinical . . . diagnostic techniques . . . such as evidence of reduced joint motion . . .'" *Wilson v. Astrue*, 2011 WL 4434602, at *6–7 (E.D.Mich. September 23, 2011)(Ludington, J.)(*citing* 20 C.F.R. § 404.1529(a)). The clinical diagnoses are "'a useful indicator . . . in making reasonable conclusions about the intensity and persistence of [the] symptoms and the effect those symptoms, such as pain, may have on [the] ability to work.'" *Id.* at *7. "[C]linical observations are not 'red herrings' - they are relevant, objective medical evidence." *Id.*

Third, while the ALJ accorded Dr. Newman's treating opinion limited weight in favor of the "significant" weight accorded Dr. Solomon's consultative opinion, the treating and consultative source opinions do not significantly differ. Both sources found notable range of motion limitations (Tr. 361, 363, 408-409). Despite the purportedly significant weight accorded to Dr. Solomon's opinion, the RFC contains an inexplicably "watered down" version of Dr. Solomon's findings. While Dr. Solomon found that Plaintiff "would fall" without the use of a cane, the RFC includes the need to hold an "assistive device at all times when walking," but that a cane was not required while standing (Tr. 18). However, Dr. Solomon's findings cannot be read to state that Plaintiff did not also require the use of a cane while standing. The need to hold a cane with one hand while working in the standing position would render Plaintiff, at least for part of the workday, unable to perform two-handed work. It is long recognized that the limitation to "one-handed" work significantly reduces the sedentary job base. SSR 96-9p, 1996 WL 374185,*7 (June 2, 1996) ("occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities ... may be significantly eroded"). *Opinion* [Doc. #29], Pg. ID 773-774.

The Court concluded with a clear statement that the AJL's finding that Dr.

Newman's opinion was not supported by objective clinical evidence was *erroneous*, not

that the ALJ simply failed to articulate his finding:

In short, the ALJ's erroneous finding that Dr. Newman's opinion was not supported by the objective medical evidence and, the failure to provide support for the finding that Plaintiff did not require the use of cane while

standing both require a remand for further proceedings. *Id.*, Pg. ID 775.

Given this error, I do not find that the Commissioner's position was substantially justified, either in the Court or in the administrative proceeding. Plaintiff is therefore entitled to EAJA fees.

### B. Amount of Fees

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."

### 1. Hourly Rate

Plaintiff's counsel argues that he is entitled an increase in hourly rate from the statutory rate of $125 per hour, to $187.02 per hour for the year 2016 and $190.06 per hour for 2017. *See* 28 U.S.C. § 2412(d)(2)(A). In *Bryant v. Commissioner of Soc. Sec.* 578 F.3d 443, 450 (6th Cir. 2009) the Sixth Circuit held that it is the plaintiffs' burden to justify a rate above the statutory maximum and that they must produce evidence beyond the attorney's own affidavit:

> "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (considering attorney fees under § 1988, the Court stated, "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant"). Plaintiffs must "produce satisfactory evidence-in addition to the attorney's own affidavits-that the

requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541."

Plaintiff has submitted the following documentation in support of his fee request: (1) The affidavit of his attorney Ronald D. Glotta, describing counsel's 50 years of experience in handling Social Security cases, his educational background, including continuing legal education, his usual hourly rate of $300.00 to $350.00 per hour, an a itemization of time spent on this case; (2) EAJA rates approved by the 9th Circuit for work performed in 2015 ($190.28); and the State Bar of Michigan's 2010 Economics of Law Practice Attorney Income and Billing Rate Summary Report, released in January, 2011. In his motion, Plaintiff also cites increases in the cost of living, i.e., the Consumer Price Index.

These submissions satisfy Plaintiff's burden of supporting an hourly rate over the statutory maximum, in the amounts requested. *See See Pizzo v. Commissioner of Social Sec.* 2014 WL 7157129, *5 (E.D.Mich. December 15, 2014)(affidavit, CPI, and Economics of Law Survey, considered in tandem, support request for $187.02 per hour); *see also Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d 667, 671 (E.D. Mich. 2011)("Given the effect of inflation since 1996 . . . $173.00 per hour is a reasonable rate for work performed from November, 2008 to June, 2010"); *Payne v. Commissioner of Soc. Sec.*, 2015 WL 5212048 (E.D. Mich. 2015)(approving hourly rates of $187.13 for 2013 and $189.75 for 2014).

The Commissioner is correct that an increase in the CPI, standing alone, is insufficient to support a request for an increase in the statutory cap. *See Bryant*, 578 F.3d at 450. The Commissioner is incorrect, however, that the statistics from the State Bar of Michigan are insufficient to show that the requested rates are in line with those prevailing

in this community. First, the Commissioner errs in positing that the State Bar Report does not provide information regarding Social Security practice. Page 11 of the Report, Plaintiff's Exhibit 2, Pg. ID 808, lists the average hourly rates for "public benefits" practice, which would include Social Security. Attorneys within the 75th percentile (which would include very experienced practitioners such as Mr. Glotta) are rated at $250.00 per hour. Attorneys at the 95th percentile are rated at $500.00 per hour. Counsel's usual rates are $300.00 to $350.00 per hour, which are not unreasonable, given his background and level of experience.

In addition, *Bryant* instructs that an attorney seeking EAJA fees must show that the requested rate is in line with those prevailing in the community for *similar* services, not identical services. The Report's average hourly rates for attorneys in the 75th percentile for the analogous areas of administrative law and appellate law are $300.00 and $320.00, respectively.

Therefore, EAJA fees will be ordered at the rate of $187.02 per hour for the year 2016 and $190.06 per hour for 2017.

## 2. Number of Hours

Plaintiff's counsel's time sheets itemize at total of 57.45 hours for federal court time.[1] The Commissioner argues that this was "a fairly typical Social Security case" that involved "standard issues," and therefore the claimed hours are excessive. While it is true that counsel's time exceeds what might be expected in the average, or "typical" Social Security appeal, *see Glass v. Secretary of HHS*, 822 F.2d 19, 20 (6th Cir. 1987)("twenty to thirty hours may well be the norm for attorneys to handle most [Social Security]

---

[1] Counsel's time sheets also reflect 52 hours at the administrative level, from 2009 to 2015. That time is not compensable under EAJA.

cases...."), each case must nevertheless be assessed on its own merits, not with regard to averages. Moreover, the test under *Hensely* and *Glass* is not whether the Commissioner or some other attorney might have done the case in less time, but whether the number of hours claimed is reasonable. It is clear that in this case, counsel did not treat this as a routine, boilerplate affair, but rather litigated the case aggressively and successfully, expending a somewhat high, but overall reasonable amount of time.

That said, I do find that a few of the hours claimed do not appear reasonable. Plaintiff claims 3.50 hours for preparing the complaint with exhibits, including the ALJ's opinion. A complaint in a Social Security case is generally a fairly brief, simple document, and the relevant exhibits would generally be included in the administrative transcript. I will reduce this item by 2 hours.

Plaintiff requests a total of 2 hours for reviewing simple, one-page consent notices and orders and a scheduling order. I will reduce these claims by one hour.

The Plaintiff claims one hour for receipt and review of Defendant's motion for leave to file a sur-reply brief, which is fine. However, he then claims an additional hour for reviewing the two-sentence order granting that motion. I will reduce that claim by .75 hours.

In total, I will reduce the 2016 claim for 47 hours by two hours, at $187.02, for a reduction of $374.04. In addition, I will reduce the 2017 claim for 22 hours by 1.75 hours, at $190.06 per hour, for a reduction of $332.60. The award under EAJA is therefore as follows:

2016 (47 hours claimed):   $8,789.94 - $374.04 = $8,415.90

2017 (22 hours claimed):   $4,182.32 - $332.60 = $3,849.72

TOTAL FEE:                 $12,265.62

## C.    Costs

Under EAJA, a prevailing party is entitled to "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys...." 28 U.S.C. sc 2412(a)(1). *See also* 28 U.S.C. sc 2412(b) (allowing "reasonable fees and expenses" to a prevailing party).

Plaintiff is entitled only to those costs and expenses related to his federal court action, not to the administrative proceedings. Thus, and costs and expenses predating January, 2016 are not allowable. These included Healthport-DMC Outpatient Psychiatry ($42.62); Hanson Renaissance deposition fee ($175.00); Dr. Aggarwal ($25.00); and RIM records ($40.28).

A Social Security appeal under sec. 405(g) is based on the administrative record. Costs associated with production of records are therefore not reasonable in the context of this action. These include the requests for reimbursement of HFHS records ($34.19); MIPC records ($61.90); and Dr. Krugel records ($70.80).

This leaves the two requests for PACER expenses: $60.75 on 7/15/16, and $577.60 on 8/4/17. The latter expense was incurred seven months after the Court granted Defendant leave to file a sur-reply, and about six weeks before the Court entered its opinion and judgment. The Plaintiff does not set forth the basis of the August, 2017 PACER expense, and in the absence of any explanation, I cannot find that expense reasonable, as required by sc. 2412(b). I will, however, allow the July 15, 2016 PACER expense of $60.75.

## D.    Payment Directly to Plaintiff

In the absence of an assignment of EAJA fees from the Plaintiff to his or her counsel, such fees are to be paid directly to the Plaintiff. *Astrue v. Ratliff,* 560 U.S. 586

(2010).  In addition, EAJA fees are subject to offset for any pre-existing debt that the Plaintiff owes to the government.  *Id.*; *Cowart v. Commissioner of Soc. Sec.*, 795 Fed.Supp.2d  667, 671-72 (E.D. Mich. 2011).  In his motion, Plaintiff does not allege that there was an assignment of EAJA fees, nor has a copy of any such assignment been submitted.  Therefore, the EAJA fees awarded herein are to be paid directly to Plaintiff Cornell Elms, with an offset for any preexisting federal debt owed by the Plaintiff.

## IV.   CONCLUSION

Fees and expenses under EAJA are awarded to Plaintiff Cornell Elms as follows:

Attorney Fees:     $12,265.62

Expenses:     $60.75

The attorney fees will be paid directly to Plaintiff Cornell Elms.  Within three weeks of the date of this Opinion and Order, the government will determine if Mr. Elms owes it any pre-existing debt.  If he does, then the EAJA fees will be offset by the amount of that debt, with the remainder being paid directly to Mr. Elms. If he does not owe a pre-existing debt, the entire amount of the EAJA attorney fee award will be paid to Mr. Elms.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 9, 2019

## CERTIFICATE OF SERVICE

I hereby certify on April 9, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on April 9, 2019.

s/Carolyn M. Ciesla
Case Manager for the
Honorable R. Steven Whalen